Justice Thomas,
concurring in the judgment.
The Court proceeds from the premise that court-drawn interim plans are necessary in part because Texas’ newly enacted redistricting plans are unenforceable for lack of preclearance under §5 of the Voting Rights Act of 1965. Ante, at 390-392. In my view, Texas’ failure to timely ob­tain § 5 preclearance of its new plans is no obstacle to their implementation, because, as I have previously explained, § 5 is unconstitutional. See Northwest Austin Municipal Util. Dish No. One v. Holder, 557 U. S. 193, 212 (2009) (opinion concurring in judgment in part and dissenting in part). Al­though Texas’ new plans are being challenged on the grounds that they violate the Federal Constitution and § 2 of the Voting Rights Act, they have not yet been found to violate any law. Accordingly, Texas’ duly enacted redistricting plans should govern the upcoming elections. I would therefore vacate the interim orders and remand for the United States District Court for the Western District of Texas to consider appel-­lees’ constitutional and § 2 challenges in the ordinary course.